UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PARK LANE IBS, LLC and STONEHAVEN,
LLC,

                         Petitioners,

                                                                                      23-cv-8620 (PKC)

          -against-                                              OPINION AND ORDER

UNBND GROUP PTY LTD.,

                         Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Respondent Unbnd Group Pty Ltd. ("Unbnd") moves for an award of attorneys' fees and expenses, urging that it is the prevailing party in this dispute over the confirmation of an arbitration award. On September 9, 2024, this Court issued an Opinion and Order that denied the petition of Park Lane IBS, LLC and Stonehaven, LLC (collectively, "Park Lane") to partially vacate the Amended Arbitration Award (the "Award"). Park Lane IBS, LLC v. Unbnd Grp. Pty Ltd., 2024 WL 4123515 (S.D.N.Y. Sept. 9, 2024) (the "Opinion"). Park Lane had sought vacatur of that portion of the Award that denied its application for attorneys' fees and expenses as the prevailing party in arbitration, urging that the arbitrators' denial of fees was in manifest disregard of the law. The parties agreed that the remainder of the Award should be confirmed. The Opinion concluded that Park Lane had not satisfied its heavy burden of demonstrating that the arbitrators acted in manifest disregard of the law and confirmed the Award in its entirety.

        In this confirmation proceeding, the Court concludes that the parties agreed to a fee-shifting provision that provides for reasonable attorneys' fees and expenses to the prevailing

party.  The Court further concludes that Unbnd was the prevailing party in the confirmation proceeding but will reduce its award from $281,984.20 to $88,607 in attorneys' fees plus $4,429.02 in costs and expenses.

      A.  <u>Background.</u>

After a six-day hearing, a panel of three arbitrators issued a written award that ordered Unbnd to immediately issue warrants to Park Lane equaling 0.805% of Unbnd stock but otherwise denied relief on all claims brought by both Park Lane and Unbnd.  See 2024 WL 4123515, at *2.  That denial included "any requests for attorneys' fees . . . ."  Id.

Park Lane commenced this proceeding in the Supreme Court of the State of New York, New York County, when it filed a petition to partially vacate the Award.  (ECF 1.)  Park Lane asserted that the arbitrators acted in manifest disregard of the law by not awarding it prevailing-party attorneys' fees and costs as part of the Award.  (ECF 1.)  Unbnd removed the proceeding to federal court, moved to dismiss the petition for partial vacatur as untimely and urged that the Award should be confirmed in its entirety.  (ECF 1, 18, 36.)

Much of the Opinion addressed Unbnd's motion to dismiss on timeliness grounds, and concluded that Park Lane properly served its petition upon Unbnd, an Australian company, within the strict 90-day limitations period of the Federal Arbitration Act ("FAA").  2024 WL 4123515, at *2-5.  The Opinion denied Park Lane's petition for partial vacatur, explaining that the arbitrators could reasonably have concluded that there was no "prevailing party" in the arbitration, as that term is defined under New York law.  2024 WL 4123515, at *6-8.  As detailed in the Opinion, the arbitrators awarded Park Lane warrants to purchase preferred shares of Unbnd equal to 0.805% of its total stock, less than the 2.5% of stock and the $1,033,273 in money damages sought by Park Lane.  Id. at *1-2, 7.  Because the arbitrators could reasonably

have concluded that Park Lane did not prevail on the central relief it sought in the arbitration, the Court concluded that Park Lane failed to carry its heavy burden of demonstrating that the arbitrators acted in manifest disregard of the law by denying the fees application. Id. at *7-8.

Except for the issue of prevailing-party attorneys' fees, Park Lane otherwise moved to confirm the Award, and Unbnd challenged no aspect of the Award. See id. at *8. The Court confirmed the Award in its entirety. Id. The Clerk entered Judgment on September 9, 2024. (ECF 39.)

Unbnd now moves for an award of attorneys' fees and expenses incurred in connection with the confirmation proceeding in this Court. (ECF 41.) Unbnd urges that it is the prevailing party to the confirmation proceeding because the Court denied Park Lane's petition for partial vacatur and confirmed the entire Award – the outcome that Unbnd sought all along. (ECF 42.) Unbnd asserts that Park Lane commenced this proceeding for the purpose of partially vacating the Award and lost, and that "[t]he net judgment was clearly entered in favor of Unbnd." (ECF 42 at 5.)

This fees dispute is governed by the fee-shifting provision contained in section J(13) of the Stonehaven LLC Approved Client Referral Agreement (the "Agreement"), entered into by the parties on March 30, 2020. (ECF 42-1.) The fee-shifting provision states as follows:

> In the event of any controversy, claim or dispute between the parties arising out of or relating to this Agreement, or the alleged breach thereof, the prevailing party shall, in addition to any other relief or award, be entitled to recover its reasonable attorneys' fees and all of the costs incurred in connection therewith, whether it be arbitration or other litigation, including any action at equity to enforce any rights hereunder.

(Id.)

### B. The Agreement's Fee-Shifting Provision Applies to this Contested Confirmation Proceeding.

First, Park Lane urges that this Court cannot properly award attorneys' fees that were not already ordered in an arbitration award, stating that the FAA does not authorize a fees award separate from an award, citing Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994) ("Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees.").

Park Lane cites two decisions from this District that denied motions for fees incurred in connection with confirmation proceedings.  In one, Judge Preska denied an application that relied on the fee-shifting provisions of Title VII and the New York City Human Rights Law, explaining that the two statutes had never been construed to provide for a fees award in a confirmation proceeding.  Briamonte v. Liberty Brokerage, Inc., 2000 WL 666350, at *2 (S.D.N.Y. May 19, 2000).  Separately, Judge Pauley denied an application for fees incurred in connection with confirmation proceedings involving "complex areas of law, with difficult questions that required skillful litigation," concluding that the party seeking vacatur did not act in bad faith or for oppressive reasons.  F. Hoffmann-La Roche Ltd. v. Qiagen Gaithersburg, Inc., 730 F. Supp. 2d 318, 332 (S.D.N.Y. 2010).

Here, however, the Agreement contains a fee-shifting provision providing that "the prevailing party shall, in addition to any other relief or award, be entitled to recover its reasonable attorneys' fees and all of the costs incurred in connection therewith, whether it be arbitration or other litigation . . . ."  (ECF 42-1; emphasis added.)  A district court has ancillary jurisdiction to grant certain forms of relief in an arbitral confirmation proceeding, including an award of attorneys' fees.  See Lanesborough 2000, LLC v. Nextres, LLC, No. 23-CV-7584 (PKC), 2025 WL 785071, at *4 (S.D.N.Y. Mar. 12, 2025) ("It is simply not correct . . . that the

Court's role is at an end upon deciding whether to confirm an award and that the Court lacks jurisdiction to grant any further relief."). For example, in Carroll v. Wells Fargo Clearing Servs., LLC, 2021 WL 634721, at *1 (S.D.N.Y. Feb. 17, 2021), the undersigned denied a petition to vacate and awarded the party seeking confirmation $17,019 in attorneys' fees for work performed in the confirmation proceeding. See also Vector Media Grp., Inc. v. MyLocker.com, LLC, 2020 WL 5371195, at *4 (S.D.N.Y. Sept. 8, 2020) (awarding prevailing-party fees incurred in confirmation proceeding under fee-shifting provision "[b]ecause petitioner's motion to confirm and respondents' cross-motion to vacate the award are both 'in connection with' the arbitration . . . .") (Rakoff, J.); Incredible Foods Grp., LLC v. Unifoods, S.A. de C.V., 2015 WL 5719733, at *5 (E.D.N.Y. Sept. 29, 2015) ("Although the FAA does not expressly authorize fee-shifting, the Agreement does authorize the losing party to pay the prevailing party a 'reasonable sum' for fees and costs associated with 'enforcing' an arbitration award.") (Matsumoto, J.) (internal citation omitted); Rubenstein v. Advanced Equities, Inc., 2014 WL 1325738, at *19-20 (S.D.N.Y. Mar. 31, 2014) (awarding fees incurred in confirmation proceeding based on fee-shifting provision) (Gardephe, J.).

        The parties' fee-shifting provision provides for prevailing-party fees incurred in connection with "arbitration or other litigation . . . ." (ECF 42-1.) Park Lane's assertion that a prevailing party may not receive an award of fees incurred from a contested confirmation proceeding is contrary to the Agreement and unsupported by law. The Court concludes that the Agreement's fee-shifting provision permits a prevailing party to recover fees incurred in connection with this contested confirmation proceeding.

### C. Unbnd Is the Prevailing Party in this Confirmation Proceeding.

The Agreement states that it "shall be governed by the internal laws of the State of New York . . . ." (Agrm't § J(12).) Accordingly, "the meaning of 'prevailing party' must be determined in accord with New York law." Arbordale Hedge Invs., Inc. v. Clinton Grp. Inc., 1999 WL 1000939, at *2 (S.D.N.Y. Nov. 4, 1999) (Mukasey, J.). Under New York law, the prevailing party is the party that "prevailed with respect to the central relief sought . . . ." Nestor v. McDowell, 81 N.Y.2d 410, 416 (1993). "Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope." Blinds to Go (U.S.), Inc. v. Times Plaza Dev., L.P., 191 A.D.3d 939, 942 (2d Dep't 2021) (quotation marks omitted). "To be considered the 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." Sykes v. RFD Third Ave. I Assocs., LLC, 39 A.D.3d 279, 279 (1st Dep't 2007). "Where the outcome of litigation is mixed and the relief awarded is not substantially favorable to either party, neither party can claim to be the prevailing party." 49 E. Owners Corp. v. 825 Broadway Realty, LLC, 224 A.D.3d 493, 493 (1st Dep't 2024).

In this confirmation proceeding, the "true scope of the dispute litigated" was whether, as Park Lane urged, the arbitrators' denial of fees to Park Lane warranted partial vacatur. Otherwise, Park Lane and Unbnd both sought confirmation of the Award, including the directive that Unbnd "immediately issue warrants" to Park Lane equaling 0.805% of Unbnd stock. (ECF 44-7 at 4.) Unbnd prevailed on the central relief sought by Park Lane, which was partial vacatur of the Award.

Park Lane's arguments to the contrary are without merit. It urges that the Court should take a holistic approach to the parties' disputes since commencement of arbitration and

weigh the arbitrators' decision not to award Unbnd any relief.  (ECF 44 at 14, 17.)  But this confirmation proceeding falls within the fee-shifting provision's reference to "any controversy, claim or dispute."  Unbnd seeks no fees for work performed in connection with the arbitration proceedings.[1]  Park Lane also asserts that it was the prevailing party in this proceeding because confirmation "upgraded the arbitration award" to an enforceable judgment entitling it to 0.805% of Unbnd's stock.  (ECF 44 at 14)  But Unbnd did not oppose confirmation and agreed that the Award should be confirmed.  The only disputed issue was whether the arbitrators acted in manifest disregard of the law by not awarding fees to Park Lane.  Lastly, Park Lane notes that it defeated Unbnd's motion to dismiss the Petition on timeliness grounds, meaning that Unbnd could not be the prevailing party.  (Id. at 16-17.)  Unbnd nevertheless prevailed in the central relief sought, which turned on Park Lane's assertion that the arbitrators acted in manifest disregard of the law by not awarding attorneys' fees and expenses.

The Court concludes that Unbnd was the prevailing party in this proceeding.

D. Unbnd's Fee Award Will Be Reduced to Account for Inefficiencies and Its Unsuccessful Motion to Dismiss on Timeliness Grounds.

Unbnd seeks $281,984.20 in attorneys' fees and expenses.  In support of the fees application, it has submitted firm billing records, attorney biographies and an attorney declaration.  (ECF 42-1 to 3.)  Park Lane urges that both the hourly rates and time spent by Unbnd's counsel are unreasonable.  No party seeks an inquest.

---

[1] Park Lane's memorandum reflects a misunderstanding about an important aspect of the Opinion, stating that "[t]he Court's prior decision that neither party prevailed in the arbitration means that by definition, Unbnd could not have prevailed in the dispute as a whole."  (ECF 44 at 16.)  The Opinion was unambiguous in applying the manifest disregard standard. 2024 WL 4123515, at *7 ("The Court concludes that the arbitrators did not act in manifest disregard of the law by not awarding attorneys' fees because the record would permit the arbitrators to reasonably conclude that there was no prevailing party."). Park Lane did not satisfy the "heavy burden" of identifying an "egregious impropriety" or showing that the arbitrators "willfully flouted" governing law.  Id. at *6.  The Court did not itself reach an independent conclusion about whether there was a prevailing party in arbitration.

"Both [the Second Circuit] and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). "The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). The rates "are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotation marks and citation omitted).

The Court should also consider "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including the twelve factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).[2] Arbor Hill, 522 F.3d at 190 (emphasis in original). Courts must undertake "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. This may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton Cnty. of New York, 433 F.3d 204, 209 (2d Cir. 2005). "To be sure, the fee applicant has

---

[2] "The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 186, n.3 (citing Johnson, 488 F.2d at 717-19).

the burden of showing by satisfactory evidence – in addition to the attorney's own affidavits – that the requested hourly rates are the prevailing market rates." Id. (quotation marks omitted).

"The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998). "A prevailing party who is entitled to a fee award for his successful prosecution of successful claims is not entitled to a fee award for unsuccessful claims that were based on different facts and different legal theories." Id.

Unbnd submits the Declaration of Rex Mann, a partner at Winston & Strawn LLP ("Winston") who has served as Unbnd's lead counsel in this case. (Mann Dec. ¶¶ 2, 5 (ECF 42-2).) Mann's hourly rate was $1,180 for all work performed in 2023 and $1,290 for all work performed in 2024. (Mann Dec. ¶ 7.) He has practiced law for approximately fourteen years, with a focus on trials and arbitrations. (Mann Dec. ¶ 3.) Susannah Torpey, another Winston partner, billed at an hourly rate of $1,230, and performed a limited role as local counsel. (Mann Dec. ¶ 9.) Ahtoosa Dale, a Winston associate, has practiced complex commercial litigation for approximately seven years. (Mann Dec. ¶ 10.) Her hourly rate was $1,095 for work performed in 2023 and $1,220 for work performed in 2024. (Mann Dec. ¶ 10.) Dylan French is a Winston associate who has practiced complex commercial litigation since 2020 and had an hourly rate of $1,070 for work performed in 2024. (Mann Dec. ¶ 11.) Alexander Nowakowski is a Winston associate who has practiced complex commercial litigation since 2023 and bills at an hourly rate of $835. (Mann Dec. ¶ 12.) Simon Shahinian is a former Winston associate who has practiced

litigation since 2021 and billed at an hourly rate of $745 in 2023 and $895 in 2024.  (Mann Dec. ¶ 13.)

Mann states that Nowakowski and Shahinian performed much of the work in this proceeding and billed at rates lower than more senior attorneys, and that Shahinian's billable hours were reduced by five hours in this case as an exercise in ensuring reasonable billing discretion.  (Mann Dec. ¶¶ 12-13.)  Mann states that Unbnd does not seek any costs associated with support staff overtime and business meals.  (Mann Dec. ¶ 17.)

The Court concludes that the hourly rates of the Winston attorneys are consistent with prevailing market rates in this District for cases of this type and are in line with what reasonable clients are willing to pay.  See generally Arbor Hill, 522 F.3d at 190; Gierlinger, 160 F.3d at 882.  Park Lane's vacatur petition sought $1,290,751.95 in attorneys' fees and expenses, and followed years of contentious, hard-fought litigation.  In that context, a reasonable client would be willing to pay the high hourly rates of the specialized commercial litigators at Winston.

The Court will, however, reduce the fees awarded to Unbnd for the services of the Winston firm in light of inefficiencies reflected in work related to the Notice of Removal and the denial of Unbnd's motion to dismiss.  Mann has helpfully divided Winston's billable work into three categories: "Notice of Removal and Procedural Briefing," totaling $63,862.50; "Motion to Dismiss Briefing," totaling $160,450.50; and "Petition to Vacate Arbitration Award in Part and Motion to Confirm Award in Part Briefing," totaling $50,289.50.  (Mann Dec. ¶ 16.)

The Notice of Removal was a straightforward three-page document that recited basic facts about the parties and the procedural history of this case. (ECF 1.)  It did not involve difficult legal issues or convoluted facts.  Because Unbnd did not adequately allege its own citizenship or the citizenship of the members of petitioner Stonehaven LLC, the Court ordered

Unbnd to serve an interrogatory as to Stonehaven's membership and to amend the removal petition to correct the jurisdictional deficiencies. (ECF 4.) Unbnd thereafter filed an Amended Notice of Removal. (ECF 13.) By the Court's count, more than forty hours of attorney time was spent researching and drafting the Notice of Removal. (See ECF 42-4.) Several additional hours were spent drafting the interrogatory regarding Stonehaven's citizenship. (Id.) While careful lawyers deserve to be compensated for their close attention to even a relatively straightforward filing, the attorney time spent on the "Notice of Removal and Procedural Briefing" was inefficient given the task at hand, and the Court will employ a 40% reduction to the $63,862.50 in fees sought in relation to the "Notice of Removal and Procedural Briefing." See Kirsch, 148 F.3d at 173. Accordingly, the Court will award $38,317.50 in fees for work performed in connection with the removal petition.

The Court will not award fees incurred in connection with the $160,450.50 in attorney time spent on the "Motion to Dismiss Briefing." As noted, a prevailing party "is not entitled to a fee award for unsuccessful claims that were based on different facts and different legal theories." Kirsch, 148 F.3d at 173. Unbnd's motion to dismiss on timeliness grounds, which mainly turned on the adequacy of service of process in Australia, was unsuccessful and played no role in the denial Park Lane's petition for partial vacatur.

The Court will award the entire $50,289.50 in attorney fees spent in connection with work on the "Petition to Vacate Arbitration Award in Part and Motion to Confirm Award in Part Briefing." This work was directed to the denial of Park Lane's petition for partial vacatur and there are no obvious inefficiencies or redundancies in the attorney time entries.

The Court will apply a 40% reduction to the $7,381.70 in costs and expenses sought by Unbnd. Unlike attorney hours, the application for costs and expenses does not identify

the categories of services to which these costs correspond. These costs and expenses relate to air courier services, computer research and court fees. (Mann Dec. ¶ 16.) Billing records indicate that the significant majority of Winston's costs paid for computerized legal research expenses. The 40% reduction accounts for research expenses related to the unsuccessful motion to dismiss and inefficiencies in the preparation of the Notice of Removal.

        Accordingly, the Court will award $88,607 in attorneys' fees and $4,429.02 in costs and expenses.

CONCLUSION.

        Unbnd's motion for attorneys' fees and expenses is GRANTED. Unbnd is awarded $88,607 in attorneys' fees and $4,429.02 in costs and expenses. The Clerk is respectfully directed to enter an amended final judgment and terminate the motion. (ECF 41.)

        SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
       June 4, 2025